# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 CR 46-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JORDAN HEATH OOCUMMA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#62) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing, it appeared that Defendant was present with his counsel, Rich Cassady, and the Government was present through AUSA Chris Hess. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report.

Defendant was charged in a bill of indictment (#1) with conspiracy to traffic in methamphetamine, in violation of 21 U.S.C. § 846 and distribution of

1

methamphetamine, in violation of 21 U.S.C. § 841. A hearing was held in regard to the detention of Defendant on April 18, 2017 and at that time the undersigned entered an Order releasing the Defendant on a $25,000 unsecured bond (#15). The undersigned further set conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On July 20, 2017 Defendant submitted to an urinalysis drug test at which time Defendant tested positive for the use of marijuana.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
(B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal or state crime while on release. Defendant tested positive for the use of marijuana. The consumption and use of marijuana is a misdemeanor under federal law. 21 U.S.C. § 844. The use of marijuana is a misdemeanor under state law. N.C.G.S. § 90-95.

There has been shown by clear and convincing evidence that Defendant violated the condition of release that required that he refrain from use or unlawful possession of a narcotic drug defined in 21 U.S.C. § 802. Marijuana is not a drug that is prescribed by a licensed medical practitioner.

Due to the findings made above, it is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant. This period of incarceration shall be for a period of up to and

including September 20, 2017. At that time, the undersigned will conduct further proceedings in regard to the issue of whether or not Defendant shall be detained or shall be allowed to again be released on terms and conditions of pretrial release.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained until **September 20, 2017**. At that time further proceedings shall be scheduled to determine if defendant should be released or detained.

Signed: August 25, 2017

Dennis L. Howell
United States Magistrate Judge